## Donnelly's Estate.

*Will—Conditional legacy—Duty to educate and maintain minor— Discretion of orphans' court.*

Where a testator has given the bulk of his estate to one of his sons with an obligation "to educate and maintain" any other of the testator's children until they reach their majority, and the orphans' court fixes the amount of the annual allowance for the education and maintenance of one of the testator's minor sons, the appellate court will not review the discretion of the lower court, if it appears that the latter court in making its decree took into consideration all of the conditions and circumstances of the testator's estate, and was not guilty of any manifest abuse of discretion.

Argued March 5, 1913. Appeal, No. 43, March T., 1913, by Mary Donnelly, Guardian of Aloysius Donnelly,

a minor, from decree of O. C. Lackawanna Co., Year 1909, No. 257, dismissing petition for increase of allowance in Estate of Patrick Donnelly, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Petition for increased allowance.

SANDO, P. J., filed the following opinion:

The petition of Mary Donnelly, the widow of the decedent and mother of Aloysius Donnelly, the minor who at the time of his father's death was in his eighteenth year, presented to this court, prays for an order directing Owen Donnelly to pay over to the petitioner the sum of $700 a year, for the support, education and maintenance of the minor.

By an amended order made on June 30, 1911, Owen Donnelly was directed to expend for the proper education and support of the minor, the sum of $420 per annum, dating from January 21, 1911, and until the further order of the court.

The petition avers that the minor has been in her care and custody since the death of the decedent; that he is now at Fordham College, in the city of New York, and that upon a fair computation and allowance the minimum expense of keeping, educating and maintaining him at any school is $700 per year. Attached to the petition is a list of expenditures since July 21, 1912, made for the minor by the petitioner, amounting to $251.55.

In the answer filed by the respondent, he alleges, inter alia, that the allowance, at the time the order was heretofore made and at the present has been out of proportion to any advantage he has received from the estate of the decedent, under the provisions of the will the order of court purports to be made; that under the provisions of the will he has managed the real estate and not only has not received any profit or advantage from the same, but in order to protect the interests of

all concerned therein, he has been obliged to advance out of his own funds, sums approximately amounting to $2,500 that the petitioner, without authority, had taken the minor from the school at which he was placed by the decedent in his lifetime and at which school the respondent is at all times ready and willing to pay for his education, having so notified the petitioner and the minor; and, that the minor, during a part of the time the order of the court has been in effect, as the respondent is informed and believes, with the consent of the petitioner and against the wishes of the respondent, has remained away from school and also at certain times has been at work for which he received compensation.

Patrick Donnelly, the husband of the petitioner, and father of the minor, died on May 1, 1909, and in his will, dated August 3, 1908, and probated on May 18, 1909, he provides therein, inter alia, as follows:

"If any of my children shall be under the age of twenty-one years at the time of my death, then I direct my said son, Owen Donnelly, to educate and maintain them until they shall arrive at the age of twenty-one years. Upon the understanding, however, that their education shall not be continued at the expense of my said son, Owen Donnelly, after they have arrived at the age of twenty-one years."

The will further provides:

"I hereby nominate, constitute and appoint my said son, Owen Donnelly, and the Scranton Trust Company, executors of this my last will and testament, and to be guardians of any of my children that may be under the age of twenty-one years at the time of my death."

The decedent and his family, though not living together, lived under the same roof at the time of the decedent's death. Since the death of the father, Aloysius has continued to reside with his mother in the domicile of the father. The minor, at the time of the death of the father, was attending the Scranton Business Col-

lege; and at the time of the former hearing, was neither attending school, nor engaged in any employment.

In passing upon the present application, it is not necessary to discuss or review the testimony, taken in the former proceeding, upon which the estimate for the allowance was made for the minor's education and support. The order made was after a careful consideration, as we believe, of all the facts and circumstances, the terms of the decedent's will and the condition of the estate of the decedent.

This matter presents more than an application by the guardian for an allowance for the minor. In the ordinary case, the statute not only confers authority upon the court to make an allowance, but clearly contemplates the necessity for applying for an increase in such allowance as circumstances change. The main contention is upon a construction of the will of the testator.

On behalf of the petitioner it is contended that under the provisions of the will, Owen Donnelly accepted the estate with its attendant burdens to an extent that notwithstanding what might be the condition of the estate, the minor should be educated and maintained. The respondent admits that the minor is entitled to a reasonable allowance, but denies that the petitioner has any standing in this court to ask for an allowance for the minor; to pay out moneys on his account, or on account of his guardian appointed by the will, or on account of the petitioner individually, or on account of the executor of the decedent's estate.

[From an inspection of the will of Patrick Donnelly, we think it possible to discover with a reasonable degree of certainty, his testamentary intention. This intention is to be deduced from the language of the will as a whole; an inquiry is not necessarily limited to a consideration of the particular provisions, but includes the entire instrument, which must be so construed, if possible, as to give effect to every clause, and harmony to the whole.] [1]

[The main object is to discover, of course, the testator's intention, and in order to do so, consideration is given to the will as he executed it, collecting the intention from the words used; but as words in every will refer to facts and circumstances respecting the testator's property, and his family whom he names and describes therein, the true meaning and application of those words cannot be ascertained without consideration of all those facts and circumstances.] [2]

Agreeably to this doctrine, a court may look beyond the written will itself and be guided in its construction, not only when the object or subject of the gift is in dispute, but where the estate or quantity of interest given is not clear upon the face of the will. The will is often thus aided and reconciled in construction, though not, of course, contradicted. When there is nothing equivocal or uncertain in the language of the instrument, the circumstances surrounding the testator remain unimportant.

Reasons satisfactory to the testator induced him to direct that Owen should have the rents and profits, from certain properties specially devised, for a period of ten years, and that certain pecuniary legacies should not be paid, and then without interest, until a period of ten years after his death. In giving construction to this will, we need not seek for the motives of the testator. It was not necessary for him to state them, and he did not. Having the knowledge of the condition of his affairs and property, he may have thought it was for the best interest of his estate that his gifts should be withheld.

It is now the settled law that the court not only may but ought to look to all the surrounding circumstances under which the will was made, such as the state of the testator's property, family and the like: Postlethwaite's App., 68 Pa. 477. [Regard must be had to his condition as to his worldly estate when he executed it; facts which occurred after his death, and which he evidently did not anticipate, must be disre-

garded.] [3]   The intention of the testator is more apt
to be truly ascertained by close attention to the lan-
guage of the whole will; and the existing conditions
and family by which the testator was surrounded, at
the time when it was made than by artificial rules.

[The construction contended for by counsel for the
petitioner destroys the symmetry of the will and would
produce results inconsistent with the whole spirit of the
disposition of the property proposed by the testator.] [4]
[Taking into consideration the character of the testator's
surroundings and circumstances, the condition of his
family affairs and property, there seems to be no doubt
but that he left to the reasonable discretion of his son,
to whom he gave the bulk of the estate, and in whom he
apparently placed complete confidence, the provision
for the education and maintenance of his minor son.] [5]

We have made no comparison in this opinion, be-
tween the language of the will under consideration and
that of any one of the wills construed in the adjudicated
cases we have examined, for the reason that there is
no instance of sufficient similarity to render such a
comparison of any advantage in ascertaining the in-
tention of the present testator.

[In the present case, after a consideration of the
whole will of the testator, the facts alleged in the peti-
tion and answer, and the testimony taken at the hearing
to fix an allowance for the minor as well as the testi-
mony taken on this application, we have reached the
conclusion that we would not be justified in ordering
the increased allowance prayed for.] [6]

And now January 27, 1913, the petition of Mary
Donnelly is dismissed.

*Error assigned* was decree dismissing the petition.

*R. H. Holgate,* for appellant.

*William J. Fitzgerald,* with him *Joseph O'Brien* and
*John P. Kelly,* for appellee.

OPINION BY HEAD, J., July 16, 1913:

It is not denied by anyone that when Owen Donnelly, one of the appellees, accepted the legacy given to him, he at the same time accepted the obligation it carried with it. So far as this appeal is concerned, that obligation was "to educate and maintain" the ward of the appellant until the said ward reached his majority. But the terms used by the testator have no rigid meaning unvarying under all circumstances and conditions. No court could rightfully determine what was really involved in the obligation by one person to maintain and educate another without a due regard to all of the surrounding circumstances existing when the obligation was imposed.

Where such obligation is imposed by a will, it is the right and the duty of the proper orphans' court to determine what annual expenditure of money would fairly satisfy the obligation involved in the use of the terms stated. The exercise of that right and the discharge of that duty by such court are to be controlled by the sound discretion vested by the law in the several orphans' courts of the commonwealth. If it ever be true that appellate courts will set aside decrees made in the exercise of such discretion only when it becomes apparent that there has been an abuse of it, it ought to be clear that the case before us is one for the application of that principle. The education of a minor son, within the intent and meaning of a direction in the will of a father, does not necessarily involve his attendance at a high priced college any more than a direction to maintain him necessitates his lodging at a costly hostelry and his clothing in fine raiment.

The learned judge below properly and wisely took into consideration, in the decree appealed from, all of the conditions and circumstances of the testator's estate, and we can find nothing in this record to convict him of any abuse of the discretion reposed in him by the law.

The decree is affirmed.